UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

THOMAS SHERIDAN and MELISSA SHERIDAN,

                      Plaintiffs,

   - against -

D&D GRADING, INC., DONALD DONDERO,
and ROBERT LIERE d/b/a LIERE FARMS,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**JURY TRIAL DEMANDED**

**COMPLAINT**

Case No. CV 16-

     Plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN, by their attorney,

RALPH A. HUMMEL, as and for their Complaint against defendants D&D GRADING,

INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, respectfully

allege as follows:

JURISDICTION

     1. This District Court has exclusive jurisdiction over this civil action pursuant

to 42 U.S.C. §9613(b), 28 U.S.C. §1331, and the facts alleged herein.

THE PARTIES

     2. Plaintiff THOMAS SHERIDAN is a natural person residing in the County

of Suffolk, New York.

1

3. Plaintiff MELISSA SHERIDAN is a natural person residing in the County of Suffolk, New York.

4. Defendant D&D GRADING, INC. is a business corporation formed on March 16, 1999 by the State of New York (referred to hereinafter as "D&D").

5. At all times relevant hereto, defendant D&D conducted business within the County of Suffolk, State of New York.

6. Upon information and belief, defendant DONALD DONDERO is a natural person residing in the County of Suffolk, State of New York (referred to hereinafter as "DONDERO").

7. Upon information and belief, defendant DONDERO is an officer, director and shareholder of defendant D&D.

8. Upon information and belief, defendant ROBERT LIERE d/b/a LIERE FARMS is a natural person residing in the County of Suffolk, State of New York (referred to hereinafter as "LIERE").

9. At all times relevant hereto, defendant LIERE conducted business within the County of Suffolk, State of New York.

2

THE MATERIAL FACTS

10. Plaintiff THOMAS SHERIDAN and MELISSA SHERIDAN are married to each other and reside with their four children at real property located and known as 131 Hobson Avenue, St. James, New York 11780 (referred to hereinafter as "plaintiffs' residential property").

11. At all times relevant hereto, plaintiffs owned and currently still own plaintiffs' residential property.

12. In Fall of 2015, plaintiffs installed a pool at plaintiffs' residential property.

13. In Spring of 2016, plaintiffs added a new patio to plaintiffs' residential property.

14. The final steps in plaintiffs' improvement of plaintiffs' residential property were to have the yard graded and prepared for top-soil, to have top-soil purchased and delivered to the yard, to have top-soil raked and readied for seed, to have grass-seed applied and raked in, and to have fertilizer applied.

15. Defendants D&D and DONDERO offered to perform such services and provide top-soil to plaintiffs for the yard at plaintiffs' residential property.

16. Plaintiffs contracted with defendant D&D on or about May 31, 2016.

17. Defendants D&D and DONDERO commenced work on June 3, 2016 and completed their work on June 6, 2016.

18. On June 3, 2016, plaintiffs paid defendant D&D $1,000.00.  Defendants D&D and DONDERO requested the payment be made in cash because their supplier of top-soil "works in cash."

19. On June 6, 2016, plaintiffs paid defendant D&D an additional $1,100.00.

20. Defendant D&D sold and had delivered 35 yards of top-soil to plaintiffs' residential property.

21. Defendants D&D and DONDERO acknowledged in writing that plaintiffs had made full payment of the contract price.

22. On May 26, 2016, just prior to formation of the parties' contract, defendant DONDERO wrote an e-mail message to plaintiff THOMAS SHERIDAN and stated in the message: "This topsoil is the best around."

23. On several occasions prior to formation of the parties' contract, defendant DONDERO praised the high quality of the top-soil that defendant D&D was going to sell and deliver to plaintiffs.

4

24. Defendant DONDERO identified the source and supplier of the top-soil sold and delivered to plaintiffs as defendant LIERE.

25. On June 9, 2016 – within a week of delivery of the top-soil – plaintiffs began to observe metal nails of various types at plaintiffs' residential property.

26. Upon closer examination, plaintiffs observed additional foreign and unexpected items in the top-soil, such as varied construction debris, rebar, gypsum, asbestos shingles, glass, ash, plastic pieces, electrical wire, plywood and lumber.

27. Plaintiffs notified the New York State Department of Environmental Conservation ("DEC") about the contents and contamination of the top-soil sold and delivered to plaintiffs' residential property.

28. The DEC inspected the site, took samples and instructed plaintiffs not to remove any material until their investigation was completed.

29. The DEC conducted extensive sampling at plaintiffs' residential property and had laboratory analysis performed on those samples.

30. The DEC informed plaintiffs that laboratory analysis of the samples taken by DEC at plaintiffs' residential property found the presence of arsenic, chromium, copper and other hazardous substances in the top-soil.

31. The DEC informed plaintiffs that they needed to retain appropriate licensed environmental professionals to investigate and remove the contamination found in the top-soil.

32. Plaintiffs retained an environmental consultant and remediation company to investigate the contamination found in the top-soil at plaintiffs' residential property.

33. Said persons conducted additional sampling and laboratory analysis, developed a remediation work-plan, submitted the proposed work-plan to the DEC, communicated with the DEC, obtained approval of the work-plan, implemented work proposed in the work-plan, excavated and removed contaminated material from plaintiffs' residential property, properly disposed of said material at a licensed facility, and conducted post-removal sampling and analysis to confirm completion of the remediation.

34. Such work took place in July-September 2016.

35. Plaintiffs incurred response costs for the work to investigate and remediate the environmental contamination at plaintiffs' residential property.

36. Plaintiffs paid said response costs in full.

AS AND FOR A FIRST CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(CERCLA Cost Recovery)

37. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 36 above, as if fully set forth herein.

38. Defendants D&D and DONDERO arranged for hazardous substances to be transported to and released at plaintiffs' residential property.

39. Defendants D&D and DONDERO are "generators" of the hazardous substances delivered to and released at plaintiffs' residential property.

40. Defendants D&D and DONDERO are "transporters" of the hazardous substances delivered to and released at plaintiffs' residential property.

41. Defendant LIERE arranged for hazardous substances to be transported to and released at plaintiffs' residential property.

42. Defendant LIERE is a "generator" of the hazardous substances delivered to and released at plaintiffs' residential property.

43. Defendant LIERE is a "transportor" of the hazardous substances delivered to and released at plaintiffs' residential property.

7

44. Defendants' acts caused a release or threatened release of hazardous substances at plaintiffs' residential property.

45. Due to said release or threatened release, plaintiffs incurred necessary response costs, which include the expenses of: investigating the nature and quality of hazardous substances released at plaintiffs' residential property; developing a work-plan to remediate such contamination; communicating with New York State Department of Environmental Conservation regarding a proposed plan to remediate the site; implementing an approved remediation work-plan; excavating, removing and disposing of contaminated material; and conducting post-removal sampling to determine and assure complete remediation of the subject contamination.

46. All of plaintiffs' response costs have been incurred consistent with the National Contingency Plan.

47. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to their response costs from defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, in the sum of One Million Dollars ($1,000,000.00).

8

AS AND FOR A SECOND CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(CERCLA Declaratory Judgment)

48. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 46 above, as if fully set forth herein.

49. Plaintiffs will in the future incur further response costs to investigate, remediate and address the contamination at plaintiffs' residential property.

50. An actual and justiciable controversy exists among the parties concerning defendants' liability for future response costs.

51. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to a declaratory judgment adjudicating that defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS are jointly and severally liable for all future response costs incurred by plaintiffs consistent with the National Contingency Plan.

AS AND FOR A THIRD CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(Strict Liability In Tort)

52. Plaintiffs repeat, reiterate and reallege each and every allegation made

9

in paragraphs 1 through 36 above, as if fully set forth herein.

53. Defendants D&D, DONDERO and LIERE were at all relevant times engaged in the businesses of distributing and selling physical material to consumers like plaintiffs.

54. The physical material distributed and sold to plaintiffs in this instance was contaminated with foreign, unexpected and hazardous substances.

55. The physical material distributed and sold to plaintiffs by defendants D&D, DONDERO and LIERE was defective and unreasonably dangerous.

56. No warning of any kind of the true nature of said physical material was made by any of said defendants to plaintiffs.

57. The physical material distributed and sold to plaintiffs by defendants D&D, DONDERO and LIERE caused contamination of the physical environment of plaintiff's residential property and caused economic injuries to plaintiffs, including costs to investigate and remediate resulting environmental contamination.

58. Defendants D&D, DONDERO and LIERE are strictly liable to plaintiffs in tort under New York State law.

10

59. Defendant LIERE placed the subject physical material on the market in the regular course of business and is thus jointly and severally liable to plaintiffs with defendants D&D and DONDERO.

60. Defendants D&D, DONDERO and LIERE committed egregrious conduct having a high degree of moral culpability with conscious or reckless disregard for the rights and safety of others.

61. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to compensatory damages from defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, in the sum of One Million Dollars ($1,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein.

AS AND FOR A FOURTH CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(Fraud and Deceit)

62. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 36 above, as if fully set forth herein.

63. Defendants D&D, DONDERO and LIERE were at all relevant times engaged in the businesses of distributing and selling physical material to consumers

11

like plaintiffs.

64. The physical material distributed and sold to plaintiffs in this instance was contaminated with foreign, unexpected and hazardous substances.

65. Defendants D&D and DONDERO made material representations to plaintiffs that the physical material distributed and sold to plaintiffs by defendants was clean, safe and pure.

66. Said representations were false: the material distributed and sold to plaintiffs was contaminated with foreign, unexpected and hazardous substances.

67. Defendants D&D and DONDERO knew said representations were false and made the representations to plaintiffs with intent to deceive plaintiffs.

68. Plaintiffs believed the truth of said defendants' representations.

69. The physical material distributed and sold to plaintiffs by defendants D&D, DONDERO and LIERE caused contamination of the physical environment of plaintiff's residential property and caused economic injuries to plaintiffs, including costs to investigate and remediate resulting environmental contamination.

70. Defendant LIERE acted in concert with defendants D&D and DONDERO and thereby became jointly and severally liable with said defendants.

71. Defendants D&D, DONDERO and LIERE are liable to plaintiffs under New York State law for the tort of fraud and deceit.

72. Defendants D&D, DONDERO and LIERE committed egregrious conduct having a high degree of moral culpability with conscious or reckless disregard for the rights and safety of others.

73. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to compensatory damages from defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, in the sum of One Million Dollars ($1,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein.

AS AND FOR A FIFTH CLAIM
AGAINST DEFENDANT D&D GRADING, INC.

(Breach of Contract)

74. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 36 above, as if fully set forth herein.

75. Plaintiffs formed a contract with defendant D&D.

76. Plaintiffs performed all duties required of them under said contract.

13

77. Defendant D&D breached the parties' contract.

78. Defendant D&D's breach of said contract caused damages to plaintiffs.

79. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to damages from defendant D&D GRADING, INC. in the sum of One Million Dollars ($1,000,000.00).

AS AND FOR A SIXTH CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(Unjust Enrichment)

80. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 36 above, as if fully set forth herein.

81. Defendants D&D, DONDERO and LIERE were at all relevant times engaged in the businesses of distributing and selling physical material to consumers like plaintiffs.

82. The physical material distributed and sold to plaintiffs in this instance was contaminated with foreign, unexpected and hazardous substances.

83. Benefits were bestowed by plaintiffs on defendants D&D and DONDERO.

14

84. Said defendants were unjustly enriched by said benefits.

85. Defendants D&D and DONDERO should not, in equity and good conscience, be allowed to retain said benefits.

86. Defendant LIERE acted in concert with defendants D&D and DONDERO and thereby became jointly and severally liable with said defendants.

87. Defendants D&D, DONDERO and LIERE are liable to plaintiffs under New York State law for unjust enrichment and plaintiffs are entitled to restitution.

88. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to damages from defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, in the sum of One Million Dollars ($1,000,000.00).

AS AND FOR A SEVENTH CLAIM
AGAINST DEFENDANTS D&D GRADING, INC.,
DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS

(Negligence)

89. Plaintiffs repeat, reiterate and reallege each and every allegation made in paragraphs 1 through 36 above, as if fully set forth herein.

90. Defendants D&D, DONDERO and LIERE were at all relevant times

15

engaged in the businesses of distributing and selling physical material to consumers like plaintiffs.

91. The physical material distributed and sold to plaintiffs in this instance was contaminated with foreign, unexpected and hazardous substances.

92. Defendants D&D and DONDERO owed plaintiffs a duty of care.

93. Said defendants breached the duty of care.

94. Said defendant's negligence caused damages to plaintiffs.

95. Defendant LIERE acted in concert with defendants D&D and DONDERO and thereby became jointly and severally liable with said defendants.

96. Defendants D&D, DONDERO and LIERE are liable to plaintiffs under New York State law for negligence.

97. By reason of the foregoing, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN are entitled to damages from defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, in the sum of One Million Dollars ($1,000,000.00).

16

WHEREFORE, plaintiffs THOMAS SHERIDAN and MELISSA SHERIDAN hereby demand judgment: (a) pursuant to the First Claim against defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, for plaintiffs' response costs in the sum of One Million Dollars ($1,000,000.00); (b) pursuant to the Second Claim for a declaratory judgment adjudicating that defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS are jointly and severally liable for all future response costs incurred by plaintiffs consistent with the National Contingency Plan; (c) pursuant to the Third Claim against defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, for compensatory damages in the sum of One Million Dollars ($1,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein; (d) pursuant to the Fourth Claim against defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, for compensatory damages in the sum of One Million Dollars ($1,000,000.00) and, in addition thereto, to punitive damages in a sum to be determined by the judge or jury herein; (e) pursuant to the Fifth Claim against defendants D&D GRADING, INC. for damages in the sum of One Million Dollars ($1,000,000.00); (f) pursuant to the Sixth Claim against defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS,

17

jointly and severally, for damages in the sum of One Million Dollars ($1,000,000.00); (g) pursuant to the Seventh Claim against defendants D&D GRADING, INC., DONALD DONDERO and ROBERT LIERE d/b/a LIERE FARMS, jointly and severally, for damages in the sum of One Million Dollars ($1,000,000.00); and (h) for such other and further relief which as to this Court may seem just and proper, together with the costs and disbursements of this action.

PLAINTIFFS DEMAND TRIAL BY JURY OF ALL CLAIMS

Dated: September 12, 2016
    Woodbury, New York

RALPH A. HUMMEL
Attorney for Plaintiffs
Office & P.O. Address
137 Woodbury Road
Woodbury, New York 11797
(516) 367-4510